T.C. Summary Opinion 2005-14

UNITED STATES TAX COURT

AGNES T. BOSCO, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15492-03S.          Filed February 15, 2005.

Agnes T. Bosco, pro se.

Wendy S. Harris, for respondent.

COUVILLION, Special Trial Judge: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

---

[1]     Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year at issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

Respondent determined a deficiency of $3,705.60 in petitioner's Federal income tax for 2001 and the section 6662(a) penalty in the amount of $741.12. At trial, petitioner conceded respondent's determination of a section 72(t) additional tax of $282 for an early distribution from her qualified retirement plans. The issues for decision are: (1) Whether petitioner is entitled to a claimed deduction of $12,449 for moving expenses under section 217, and (2) whether petitioner is liable for the section 6662(a) penalty.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Reno, Nevada.

During part of 2001, petitioner was employed by Authentic Fitness. Authentic Fitness manufactured clothing under the Speedo trade name and was headquartered in California. Authentic Fitness's main warehouse was at Reno, Nevada. Petitioner worked at the Reno warehouse in the international shipping department.

Petitioner had been employed by Authentic Fitness for slightly over 2 years when, in 2001, the company decided to move its warehouse operation to California. Petitioner and eight other employees transferred to the new location at Irwindale, California, located just outside of Los Angeles. In connection with the move, Authentic Fitness agreed to pay the employees'

moving expenses and pay for their temporary stay at an Embassy Suites hotel. Authentic Fitness arranged for petitioner's move and paid the expenses directly to the service providers. Petitioner stayed at an Embassy Suites hotel and worked in Irwindale for 3 months. Then the company filed for bankruptcy. Petitioner's employment terminated, and she received severance pay. Petitioner then moved back to Reno, Nevada, at her own expense. As a result of the bankruptcy, Warnaco became the surviving owner of the Authentic Fitness assets and business.

In connection with petitioner's move and in accordance with the policies of her employer, the following amounts were paid on petitioner's behalf directly to the service providers. The amounts paid by Authentic Fitness were:

| | |
|---|---|
| For moving personal belongings | $ 3,759.87 |
| For lodging | 8,241.24 |
| For meals | 1,705.54 |
| For maintenance of former residence | 339.99 |
| Total amount paid to third parties | $14,046.64 |

Authentic Fitness attributed the entire amount it paid to third parties as income to petitioner. In addition, Authentic Fitness paid directly to petitioner $7,464.34 for what was identified as "Total Tax Liability Gross-Up", intended to compensate or reimburse petitioner for any Federal and State income taxes that might be due on this additional income. Thus, the $14,046.64 paid to third-party providers and the $7,464.34 paid directly to

petitioner for anticipated State and Federal income taxes totaled $21,510.98.

Warnaco, the surviving corporation, issued to petitioner, for the year 2001, a Form W-2, Wage and Tax Statement, in the amount of $46,519.83. The amount was itemized on a separate schedule and included the wages paid to petitioner, including overtime, severance pay, and a bonus. Additionally, the $46,519.83 included $17,751.11 for moving expenses. On the itemized schedule, Warnaco explained that the $17,751.11 consisted of $14,046.64 paid to third-party providers, less the $3,759.87 paid for the transportation of petitioner's personal belongings to Irwindale, California, and the $7,464.34 paid to petitioner as a "Total Tax Liability Gross-Up". Thus, the $3,759.87 paid by Authentic Fitness was not included as income on the schedule provided to petitioner, nor was that amount included as income on her Form W-2.

A taxpayer may claim a deduction for moving expenses paid or incurred in connection with beginning work at a new principal place of work. Sec. 217(a). Moving expenses include reasonable expenses incurred in moving household goods and traveling (including lodging) from the former residence to the new residence. The cost of meals incurred while traveling may not be deducted as moving expenses. Sec. 217(b). Petitioner bears the

burden of proof in substantiating all moving expense deductions. Sec. 7491(a); Rule 142(a).

On her Federal income tax return, petitioner reported $46,520 as wage income. As noted earlier, petitioner claimed a deduction of $12,449 for moving expenses, all of which was disallowed in the notice of deficiency. Petitioner testified that the $12,449 she claimed consisted of $4,100 for transportation of her household goods and $8,349 for traveling and lodging expenses associated with the move.

Under section 217, a taxpayer may claim deductions only for moving expenses reimbursed by the employer to the extent such expenses are included in gross income. Butka v. Commissioner, 91 T.C. 110, 120-121 (1988), affd. without published opinion 886 F.2d 442 (D.C. Cir. 1989). As noted above, the $3,759.87 paid by Authentic Fitness directly to the moving company was not included as income on the Form W-2. Consequently, petitioner is not entitled to a moving expense deduction for that item. Section 132(a)(6) provides that "gross income shall not include any fringe benefit which qualifies as a * * * qualified moving expenses reimbursement". According to petitioner's Form W-2, the cost to move petitioner's household items, which would be a qualified moving expense, was not included in the calculation of her gross income. In addition, petitioner presented no evidence substantiating any expenses, qualified or otherwise, that would

make up the $4,100 portion of the $12,449 claimed on her return as a moving expense deduction. Therefore, respondent is sustained on that portion of the adjustment in the notice of deficiency.

The remaining portion of petitioner's claimed moving expense deduction was $8,349 for lodging expenses, which was, as noted before, disallowed by respondent. The evidence at trial shows that $8,241.24 of the amount claimed was for 3 months of temporary lodging at an Embassy Suites hotel. The Form W-2 issued to petitioner included $8,241.24 for temporary lodging expenses paid to the Embassy Suites by Authentic Fitness. Respondent disallowed that amount as a qualified moving expense. The cost of temporary lodging does not qualify as a moving expense under section 217(b). Section 217(b)(1) provides:

> (1) * * * for purposes of this section, the term "moving expenses" means <u>only</u> the reasonable expenses–
>
> (A) of moving household goods and personal effects from the former residence to the new residence, and
>
> (B) of traveling (including lodging) from the former residence to the new place of residence.
>
> Such term shall not include any expenses for meals. [Emphasis added.]

Petitioner's stay at the Embassy Suites did not constitute lodging while traveling "from the former residence to the new place of residence." Sec. 217(b)(1)(B). Petitioner resided at

the Embassy Suites for 3 months. The hotel was located in the same vicinity as petitioner's new place of work, and, during her stay, petitioner worked full time for Authentic Fitness at the new location. Petitioner's extended stay at the Embassy Suites while working at Authentic Fitness's new location amounted to a new place of residence. Therefore, petitioner was not entitled to deduct the $8,241.24 paid to the Embassy Suites by Authentic Fitness.

Authentic Fitness included the $8,241.24 it paid Embassy Suites as wages on petitioner's Form W-2, and it also paid her an additional $7,464.34 identified as "Total Tax Liability Gross-Ups".[2] Respondent argued that, because petitioner received the additional payment from Authentic Fitness, she was no longer entitled to a moving expense deduction. The Court disagrees.

Petitioner did not receive a double tax benefit because of the additional payment from Authentic Fitness, nor did she lose her entitlement to a deduction merely because Authentic Fitness decided to term the payment "Total Tax Liability Gross-Up". The payment was the equivalent of a bonus, paid in connection with her employment, and thus constituted compensation for services

---

[2] Petitioner alleged she never received the additional $7,464.34 labeled "Total Tax Liability Gross-Up" on Authentic Fitness' Employee Relocation Expenses Worksheet and included on her Form W-2. The Form W-2 reflects she did receive the amount, and the Court accepts that as true. Moreover, petitioner included the amount on her 2001 Federal income tax return after receiving the worksheet from Warnaco listing this payment.

rendered. Petitioner correctly included it as income on her Federal tax return. Had the cost of petitioner's temporary lodging amounted to a qualified moving expense, her entitlement to a deduction would not have been eliminated because Authentic Fitness paid her a bonus described as a "Total Tax Liability Gross-Up". Therefore, the payment to petitioner is income, and that payment does not affect the character of the other payments related to petitioner's move.

Respondent determined a section 6662(a) penalty against petitioner in the amount of $741.12. Section 6662(a) provides for a 20-percent penalty for any underpayment to which the section applies. Respondent determined that section 6662(b) applied to petitioner because petitioner was negligent or disregarded rules or regulations.

Negligence is defined as "any failure to make a reasonable attempt to comply with the provisions of this title." Disregard includes "careless, reckless, or intentional disregard". Sec. 6662(c). Although respondent bears the burden of production under section 7491(c), petitioner must still show she had reasonable cause to believe her deduction was correct. The Court holds that petitioner was negligent in claiming part of her moving expenses as deductible.

Petitioner filed her 2001 Federal income tax return on April 10, 2002. She received a letter on or about February 10, 2002, from Warnaco explaining the items on her Form W-2. The expense

worksheet provided by her employer clearly showed that the $3,759.87 paid by Authentic Fitness, on her behalf, to her moving company was not included in her wages. On that basis, and the basis that Authentic Fitness, not petitioner, paid the moving company directly, petitioner had no reason to believe she was entitled to a deduction for that expense. Petitioner's actions with respect to that portion of her deduction amount were unreasonable under section 6662(c), and her actions are considered by the Court to be "careless, reckless, or intentional disregard". The section 6662(a) penalty is sustained with respect to that portion of the deduction.

Concerning the remainder of her deduction, petitioner did not act unreasonably. Although her stay at Embassy Suites was not deductible as a moving expense, petitioner took reasonable steps to ensure it was. Petitioner consulted a tax planner when preparing her income tax return, and there is no evidence that she disregarded his advice.[3] Petitioner had every reason to believe a professional tax planner would know what moving expenses could be deducted under section 217. Petitioner was not unreasonable or negligent in relying on the tax planner's expert advice. Therefore, the section 6662(a) penalty only applies to $3,759.87 of the understatement.

---

[3] The record does not reflect whether petitioner showed the tax planner the expense worksheet from Authentic Fitness; therefore, it is not considered in determining whether petitioner acted reasonably with respect to sec. 6662(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.